UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TD BANK, N.A. and TD PRIVATE CLIENT WEALTH, LLC,<br><br>        Plaintiffs,<br><br>v.<br><br>BRETT BARTKIEWICZ, GREGG DESMARAIS, RAYMOND JAMES FINANCIAL SERVICES, INC., AND CRESCENT LAKE CAPITAL, LLC D/B/A CRESCENT POINT PRIVATE WEALTH,<br><br>        Defendants. | Civil Action No.: 3:24-cv-888(OAW) |

## **TEMPORARY RESTRAINING ORDER**

THIS MATTER COMING TO BE HEARD on the Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction filed by TD Bank, N.A. ("TD Bank") and TD Private Client Wealth, LLC ("Plaintiffs"), the court having reviewed Plaintiffs' Memorandum of Law, Verified Complaint, and supporting materials, and the court being otherwise fully advised in the premises:

(a) The court finds that Plaintiffs have met the requirements for entry of a TRO, including that Plaintiffs have established a threat of irreparable harm associated with the actions that Defendants allegedly took after resigning from their employment with TD Bank, and that this harm currently is ongoing such that restraint is warranted even before Defendants have an opportunity to be heard. The court finds that in the absence of an entry of a TRO as the preliminary injunction phase of this lawsuit proceeds, the harm Plaintiffs are suffering and are likely to continue suffering would not be redressed by legal remedies, and instead would be irreparable and difficult to quantify and to ascertain.

(b) The court finds that Plaintiffs have established a likelihood of success on the merits of their claims against Defendants for (a) breach of contract; (b) tortious interference

1

with contract; and (c) aiding and abetting tortious interference with contract. Moreover, the court also finds that Plaintiffs have presented sufficiently serious questions going to the merits of the above-referenced causes of action so as to make these claims a fair ground for litigation.

(c) Additionally, the court finds that the benefits of granting injunctive relief to protect Plaintiffs' legitimate interests and entering the relief set forth below outweigh any harm that such relief might cause to Defendants.

Accordingly, IT IS HEREBY ORDERED THAT:

1. Defendants are restrained and enjoined from further contacting, communicating, and/or soliciting the clients of Plaintiffs.

2. Defendants are restrained and enjoined from working for or providing services to any client(s) of Plaintiffs which was/were solicited by Defendants.

3. Defendants must preserve all documents, electronically stored information, and other information relevant to the factual allegations and claims contained within the Verified Complaint, as well as any communications, text messages, or emails on electronic devices, such as cellular telephones, or stored in email or cloud storage accounts (including any such devices or accounts used by Defendants or any of Defendants' household members personally).

4. This temporary restraining order shall expire 14 days from the date and time noted below, in accordance with Federal Rule of Civil Procedure 65(b)(2) and *Seijas v. Republic of Argentina*, 352 F. App'x 519, 521 (2d Cir. 2009) (indicating that the Rule's 14-day expiration period applies to TROs, whether issued with or without notice).

5. Defendants have been notified via cease-and-desist letters that Plaintiffs may pursue entry of a TRO, but entry of a TRO absent notice still would be appropriate here given the magnitude and immediacy of the harm to Plaintiffs.

6. Plaintiffs' Motion for Preliminary Injunction is taken under advisement pending the currently-scheduled hearing.

7. The court finds that the record does not show that the enjoined parties are likely to suffer harm pursuant to this TRO and absent the posting of a bond, therefore the court will exercise its discretion to dispense with the Rule 65(c) requirement that Plaintiffs post security. *See Doctor's Associates, Inc. v. Stuart*, 85 F.3d 975, 985 (2d Cir.1996). The parties are free to argue for a different determination on this point.

IT IS SO ORDERED IN HARTFORD, CONNECTICUT, THIS 18TH DAY OF MAY, 2024, at 12:45 P.M.

IT IS SO ORDERED:

_____
Hon. Omar A. Williams
United States District Judge